IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Geoffrey Gagnon,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | CIV 12-01504 PHX ROS(MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE ROSLYN O. SILVER:**

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 12, 2012. Respondents filed a response to the petition on November 21, 2012. See Doc. 10. As of January 11, 2012, Petitioner had not filed a reply to the response to his petition. The Magistrate Judge notes that Petitioner's prison sentence expires, and Petitioner will presumably be released from custody, on or about February 18, 2013.

**I Procedural History**

An information filed in the Maricopa County Superior Court on March 15, 2007, charged Petitioner in CR 2007-114875 with one count of sale or transportation of methamphetamine, a class two felony. Petitioner testified at his first trial on this charge. At the conclusion of the presentation of evidence

at Petitioner's first trial, the jury was instructed on the elements of the crime of transfer of dangerous drugs. Additionally, at Petitioner's counsel's request, the jury was instructed on a lesser offense of possession of dangerous drugs.

The jury was unable to reach a verdict on the charge of transfer of dangerous drugs, but found Petitioner guilty of the offense of possession of dangerous drugs. The trial court entered Petitioner's conviction on one count of possession of dangerous drugs and declared a mistrial regarding the charge of transfer of dangerous drugs.

The state trial court set a date for sentencing Petitioner pursuant to his conviction for possession of dangerous drugs. On November 23, 2007, the state and Petitioner negotiated a plea agreement wherein the state agreed not to re-try Petitioner on the greater offense on which the mistrial was declared. A change of plea hearing was set for and conducted on December 12, 2007. Doc. 10 ("Answer"), Exh. F. At that time Petitioner rejected the plea agreement. Eventually a trial was set for January 14, 2008, on the charge on which a mistrial was declared. Id., Exh. G. Sentencing with regard to the count of conviction was postponed. Id., Exh. G.

On November 30, 2007, the Arizona Court of Appeals issued an opinion in Arizona v. Cheramie, 217 Ariz. 212, 171 P.3d 1253 ("Cheramie I"). The appellate court held that possession of dangerous drugs was not a lesser-included offense of transportation of dangerous drugs. In Cheramie, the state trial court had directed a verdict of acquittal on a

-2-

transportation charge and then allowed the jury to find the defendant guilty on a possession charge. The state appellate court determined that allowing the finding of guilt on the possession charge after a directed acquittal on the transportation charge violated the defendant's Sixth Amendment right to notice of the charges against him.

Consequently, Petitioner successfully moved the state trial court to set aside the guilty verdict in his case on the lesser-included offense of possession of dangerous drugs, notwithstanding that his argument of notice was belied by the fact that he had requested the jury instruction on the lesser offense. See Answer, Exh. H & Exh. I. The state trial court also granted Petitioner's request to require the state to retry him solely on the original charge of transportation of dangerous drugs. Id., Exh. K. Petitioner argued that his re-trial on the charge of transportation of dangerous drugs would not implicate double jeopardy because the jury had hung and a mistrial declared on that charge. Id., Exh. K at 4-5.

> [T]he trial court concluded that Cheramie I controlled, and the court vacated Gagnon's possession conviction. The court also found "that inasmuch as the judgment of guilt on possession is invalid, jeopardy did not attach to the greater charge and the matter will be retried."

Answer (Doc. 10) at 10 & Exh. X (Exhibit X is the Arizona Court of Appeals' decision denying relief in Petitioner's direct appeal after his second trial).

Petitioner's second trial occurred on February 13, 2008. On February 21, 2008, the jury found Petitioner guilty of

-3-

the charge of transportation of dangerous drugs. <u>Id.</u>, Exh. R. The jury was not instructed on a lesser charge. On March 28, 2008, Petitioner was sentenced to a mitigated term of five years imprisonment. <u>Id.</u>, Exh. S.

On July 23, 2008, the en banc Arizona Supreme Court issued a decision in <u>Arizona v. Cheramie</u>, 218 Ariz. 447, 189 P.3d 374 (2008) ("Cheramie II"), reversing the Arizona Court of Appeals' decision in Cheramie I. The state Supreme Court reaffirmed that possession of dangerous drugs is a lesser-included offense of the crime of transportation of dangerous drugs.

Petitioner took a timely direct appeal of his second conviction. Petitioner asserted that his retrial on the charge of transportation of dangerous drugs violated his right to be free of double jeopardy. Petitioner argued that the doctrine of "invited error" did not apply to his case.

In a memorandum decision issued June 25, 2009, the Arizona Court of Appeals affirmed Petitioner's conviction. The Court of Appeals held that the doctrine of invited error precluded the relief sought by Petitioner. See <u>Gagnon v. Arizona</u>, 2009 WL 1819521; Answer, Exh. X.

In denying relief, the Court of Appeals stated:
> Gagnon now argues that the second trial violated his constitutional right not to be placed in jeopardy of the same offense twice and, therefore, we should apply Cheramie II retroactively to vacate his conviction on the greater offense of transportation, reinstating his conviction on the lesser offense of possession from his first trial. We decline to do so.

-4-

> Rather, we find the doctrine of invited error bars the relief Gagnon seeks on appeal. See State v. Logan, 200 Ariz. 564, 565–66, ¶¶ 8–9, 30 P.3d 631, 632–33 (2001). Here, Gagnon invited error by requesting that the trial court vacate his conviction on the lesser offense and retry him solely on the greater offense. In making this request, he affirmatively argued that retrial would not violate his right against double jeopardy. And he did so over the State's repeated objections that a retrial would violate double jeopardy and that our supreme court would likely overturn Cheramie I as wrongly decided. Thus, Gagnon received precisely what he asked for.
>    As such, this case calls for the application of the invited error doctrine, which is designed "to prevent a party from injecting error in the record and then profiting from it on appeal." Logan, 200 Ariz. at 566, ¶ 11, 30 P.3d at 633 (citation and internal punctuation omitted). ...
>    Recognizing that invited error poses an obstacle to his appeal, Gagnon argues that the doctrine does not apply when, as in his case, the error was based on a change in law that arose after the defendant's trial. For example, in State v. Miranda, 200 Ariz. 67, 22 P.3d 506 (2001).... While we acknowledge that Miranda recognizes a limited exception to the invited error doctrine, we are not persuaded that Cheramie II necessarily constituted a change in law that otherwise obviates application of the doctrine in this case. Rather, we interpret Cheramie I as an unwarranted departure from Chabolla-Hinojosa, which was immediately corrected in Cheramie II.

2009 WL 1819521.

Petitioner sought review of the appellate court's decision denying relief in his direct appeal by the Arizona Supreme Court, which denied review.

Petitioner initiated an action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal

-5-

Procedure, on December 7, 2009. See Answer, Exh. AA. Petitioner was represented by counsel in this action. In his Rule 32 action Petitioner asserted that his constitutional rights were violated because the police did not record their interrogation of Petitioner. Relief was denied in this action by the trial court on July 18, 2011. Id., Exh. CC. The state appellate court denied relief on June 27, 2012. Id., Exh. EE & Exh. FF.

In his federal habeas action Petitioner asserts he is entitled to relief because: (1) at the conclusion of his second trial, the trial court should have instructed the jury on the lesser-included offense of possession of dangerous drugs, despite the fact that Petitioner had obtained a new trial by persuading the trial court that possession of dangerous drugs was not a valid lesser-included offense of transportation of dangerous drugs; (2) Petitioner's retrial on the charge of transportation of dangerous drugs violated the Fifth Amendment's prohibition against double jeopardy; and (3) Petitioner's right to due process of law was violated because the police did not tape-record his post-arrest interview.

**II Analysis**

**A.  Exhaustion and procedural default**

Respondents argue that Petitioner has procedurally defaulted his first and third federal habeas claims in the state courts by failing to present them to the Arizona Court of Appeals in a procedurally correct manner.

The District Court may only grant federal habeas relief

on the merits of a claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).[1] The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). See also Kelly v. Small, 315 F.3d 1063, 1066

---

[1] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief. However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (1994 & Supp. 2011).

-7-

(9th Cir. 2003).  In <u>Baldwin v. Reese</u>, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors.  <u>See</u> 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific <u>federal</u> constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court.  <u>See</u>, <u>e.g.</u>, <u>id.</u>, 541 U.S. at 33, 124 S. Ct. at 1351.

    A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts.  28 U.S.C. § 2254(c) (1994 & Supp. 2011).  Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts.  <u>See</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006).  If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim.  <u>See</u>, <u>e.g.</u>, <u>id.</u>, 548 U.S. at 92, 126 S. Ct. at 2387.

    Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims.  <u>See</u>

-8-

Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060. Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

> The doctrine of procedural default provides that a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule. A state procedural rule is adequate if it is regularly or consistently applied by the state courts and it is independent if it does not depend on a federal constitutional ruling. Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice.

McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007) (internal citations and quotations omitted).

> We recognize two types of procedural bars: express and implied. An express procedural bar occurs when the petitioner has presented

-9-

> his claim to the state courts and the state courts have relied on a state procedural rule to deny or dismiss the claim. An implied procedural bar, on the other hand, occurs when the petitioner has failed to fairly present his claims to the highest state court and would now be barred by a state procedural rule from doing so.

Robinson v. Schriro, 595 F.3d 1086, 1100 (9th Cir. 2010).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in his direct appeal. See Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002). See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998).

**B. Cause and prejudice**

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting

-10-

from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991).  Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules.  See Moorman v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005); Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996).

Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default.  See Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986). Additionally, allegedly ineffective assistance of appellate counsel does not establish cause for the failure to properly exhaust a habeas claim in the state courts unless the specific Sixth Amendment claim providing the basis for cause was itself properly exhausted.  See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); Coleman, 501 U.S. at 755, 111 S. Ct. at 2567; Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire criminal proceedings with constitutional violations.  See Vickers, 144 F.3d at 617;  Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998).  Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been

-11-

convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

### C. Petitioner's claims for relief

**A. Petitioner contends he is entitled to habeas relief because the his federal constitutional rights were violated during his second trial when the court failed to give the jury an instruction regarding the lesser-included offense of possession of dangerous drugs.**

Respondent argues:

> Ground One does not warrant habeas relief because Petitioner never presented the Arizona judiciary with the claim that the trial court violated the United States Constitution during his retrial by not charging the jury during his retrial with an instruction on the lesser- included offense of possession of dangerous drugs.

Answer at 3.

In Petitioner's direct appeal he argued that he was entitled to the benefit of Cheramie II, i.e., that on retrial the jury should have been instructed on a lesser-included possession offense. Petitioner's appellate brief did mention that Petitioner's federal constitutional rights were violated, but Petitioner did not assert the violation of any specific federal constitutional right and did not discuss the Sixth Amendment or Petitioner's right to due process. Petitioner's counsel cited to numerous state-law opinions and a single

opinion of the United States Supreme Court, i.e., <u>Griffith v. Kentucky</u>, 479 U.S. 323 (1987), when arguing that Petitioner's "fundamental right" to a "fair trial" was violated.

In order to exhaust a claim, the petitioner must fully and fairly "present both the factual and legal basis for the claim to the state court." <u>Robinson</u>, 595 F.3d at 1101. "Full and fair presentation ... requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief." <u>Scott v. Schriro</u>, 567 F.3d 573, 582 (9th Cir. 2009). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999), <u>citing</u> <u>Gray v. Netherland</u>, 518 U.S. 152, 162–63, 116 S. Ct. 2074, (1996).

Petitioner did not properly exhaust this federal habeas claim in the state courts as asserting the violation of a federal constitutional right. <u>Compare</u> <u>Gentry v. Sinclair</u>, 693 F.3d 867, 880 (9th Cir. 2012), <u>and</u> <u>Sivak v. Hardison</u>, 658 F.3d 898, 908 (9th Cir. 2011).

**B. Petitioner contends that his conviction on the charge of transportation of dangerous drugs at the conclusion of his second trial violates his right to be free of double jeopardy.**

Petitioner raised this issue in his direct appeal after his second trial. The Arizona Court of Appeals rejected Petitioner's double-jeopardy claim, concluding Petitioner had

-13-

invited any error by moving to vacate his original guilty verdict on the lesser charge and requesting that he be retried on the original transportation charge. The Arizona Court of Appeals noted that Petitioner himself had averred to the state trial court when requesting a new trial that granting a new trial on the greater charge would not violate his right to be free of double jeopardy.

Federal courts have recognized that "[t]he invited error doctrine qualifies as a state procedural bar" to federal habeas relief. Druery v. Thaler, 647 F.3d 535, 545 (5th Cir. 2011) (collecting cases). See also Leavitt v. Arave, 383 F.3d 809, 832 & n.6 (9th Cir. 2004) (noting that the invited-error rule can serve as a state procedural bar but declining to apply the doctrine to the instant case because the state court did not actually hold that the petitioner had invited the error); Coleman v. O'Leary, 845 F.2d 696, 699 (7th Cir. 1988).

Because the Arizona Court of Appeals explicitly invoked the invited-error doctrine when denying Petitioner's double-jeopardy claim, and because Petitioner does not assert that the doctrine is not "firmly established" and "regularly followed" in Arizona, the Court may deny this claim for relief.

**C. Petitioner argues that his right to due process of law was violated by the failure of law enforcement to record his post-arrest interview.**

Respondents contend Petitioner procedurally defaulted this claim in the state courts by failing to raise it in his direct appeal and because Petitioner did not raise the claim in state court as a violation of Petitioner's federal

-14-

constitutional rights.

Petitioner asserted in his state action for post-conviction relief that his rights were violated by the failure to record his post-arrest interview. In Petitioner's state Rule 32 action the Arizona Court of Appeals denied relief on this claim, citing Arizona Rule of Criminal Procedure 32.2(a)(3). The appellate court concluded that relief on the claim was precluded because Petitioner failed to raise it on direct appeal.

Petitioner procedurally defaulted this claim in the state courts because he did not assert this claim in the state courts as a violation of his federal constitutional rights; Petitioner asserted that his state right to due process of law and the state power of the judiciary. Petitioner cited only to state law when raising this claim in his Rule 32 action. Accordingly, the federal habeas claim was not exhausted in the state courts.

Additionally, the state appellate court concluded that the claim was precluded as waived by Petitioner's failure to raise the claim in his direct appeal. Accordingly, the state relied on an adequate and independent state law basis for denying the claim, resulting in Petitioner's procedural default of the claim in his federal habeas proceeding.

Petitioner has not responded to the answer to his petition asserting any basis for finding cause and prejudice with regard to his procedural default of two of his federal habeas claims. Petitioner has not established cause for his

-15-

failure to fairly present his claims to the Arizona state courts. Additionally, Petitioner has not established prejudice arising from the procedural default of his claims. Therefore, the Court need not consider the merits of the claims absent a showing that a fundamental miscarriage of justice will otherwise occur. Petitioner has not provided a basis for finding that a fundamental miscarriage of justice will occur absent a consideration of the merits of his habeas claims.

### III Conclusion

Petitioner procedurally defaulted his first and third claims for federal habeas relief in the state courts by not fairly presenting them to the state courts in a procedurally correct manner as asserting the violation of a federal constitutional right. Petitioner has not shown cause for, nor prejudice arising from his procedural default of his claims. Petitioner has not established that a fundamental miscarriage of justice will occur absent consideration of the merits of his federal habeas claims. The Arizona Court of Appeals found that the doctrine of invited error precluded relief on Petitioner's claim that his right to be free of double jeopardy was violated. The Court of Appeals' decision is an adequate and independent state-law basis for denying Petitioner relief on the merits of this claim.

**IT IS THEREFORE RECOMMENDED that** Mr. Gagnon's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

-16-

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned

recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 14th day of January, 2013.

_Mark E. Aspey_
Mark E. Aspey
United States Magistrate Judge